TRENTON THEATRE BUILDING COMPANY, the HILDINGER EN-
TERPRISES and the REFINED AMUSEMENT COMPANY

*v.*

WALTER FIRTH, sheriff of the county of Mercer.

[Decided September 23d, 1921.]

The court of chancery has no power to enjoin a sheriff or his deputies
from preventing the holding forth of moving picture shows on Sunday.

On order to show cause why injunction should not issue and
on motion to strike out bill for want of equity.

*Mr. William L. Edwards* and *Mr. Theodore Backes,* for the
complainants.

*Mr. W. Holt Apgar, Mr. Linton Satterthwaite, Mr. Peter
Backes* and *Mr. Frederic A. Brace,* for the defendant.

WALKER, CHANCELLOR.

This is a suit for injunction brought by the complainants to
restrain the sheriff of Mercer county and his deputies from clos-
ing and keeping closed all motion picture shows in their respec-
tive theatres in Trenton, on the first day of the week, commonly
called Sunday. On the argument of the order to show cause why
an injunction should not issue the defendant admits that he has
stopped, and says he intends to stop, them, saying that he is ad-
vised, and is of opinion, that the proposed action of the complain-
ants is contrary to the provisions of the act commonly called the
Vice and Immorality act. *Comp. Stat. p. 5712.* This is a suffi-
cient statement of the facts. Besides the contention that he, as
chief peace officer of the county, by and through his deputies, is
preventing an infraction of the Vice and Immorality act, the
sheriff gives notice of a motion to dismiss the bill for want of

equity. The question involved is not open in this court as the law of the case is settled.

In *Green* v. *Piper* (*1912*), *80 N. J. Eq. 288*, Vice-Chancellor Emery held that injunction does not lie to compel public officers to perform their duties respecting enforcement of the Sunday laws. This case grew out of infraction of the Vice and Immorality act. The converse of this proposition is, that injunction does not lie to prevent public officers from enforcing the vice and immorality laws of this state. In *Rosenberg* v. *Arrowsmith* (*1914*), *82 N. J. Eq. 570*, Vice-Chancellor Backes held that the operation of a moving picture show on Sunday is a worldly employment or business in violation of the Vice and Immorality act, and that even the fact that the proceeds were to be donated to charity did not make the operation of such a show a work of necessity or charity within the exception of the act. There is nothing in the case before me, either of fact or law, which takes it out from under the doctrine of *Green* v. *Piper* and *Rosenberg* v. *Arrowsmith*.

Upon the authority of these two cases I hold that the court of chancery has no power to enjoin the sheriff or his deputies in the premises, and, further, that the bill lacks equity and must be dismissed.